**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GILBERTO SANTANA SÁNCHEZ,** on behalf of the minor Gabriel Santana Concepción ("G.S.C") and in representation and for the benefit of one or more similarly situated employees,<br><br>Plaintiffs,<br>v.<br><br>**RESTAURANTS OPERATORS, INC.,** *et al.*<br><br>Defendants. | **CIVIL NO.** |

**NOTICE OF REMOVAL**

**TO THE HONORABLE COURT**:

**COMES NOW** defendant, Restaurants Operators, Inc. (hereinafter referred to as "Defendant" and/or "ROI"), and hereby give notice of the removal of the action filed by Plaintiffs in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan (Civil No. SJ2020CV03345), to the United States District Court for the District of Puerto Rico. As grounds for the removal, ROI states the following:

**I.     Procedural Background:**

1.     June 25, 2020, Gilberto Santana Sánchez on behalf of the minor G.S.C. and "in representation and for the benefit" of other allegedly similarly situated employees (hereinafter referred to as the "Plaintiffs") filed a Complaint in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan, with the following caption and number: Gilberto Santana Sánchez, en representación del menor G.S.C. y en representación y

<u>para beneficio de uno o más obreros que se encuentren en circunstancias similares,</u>, Civil Núm. SJ2020CV03345 (806). *See* **Exhibit # 1.**[1]

2. On June 29, 2020, Plaintiffs served ROI with summons. *See* **Exhibit # 2.**[2]

3. On July 15, 2020, ROI filed its Answer to Complaint. *See* **Exhibit #3**.[3]

4. As averred by Plaintiffs in the State Court Action, the Complaint is based mainly on the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. (*See* **Exhibit # 1, ¶¶ 2-7, 9, 14-17, 21-25**). Furthermore, Plaintiffs allege that ROI allegedly required medical examinations in violation of the Americans with Disabilities Act ("ADA'), 42 U.S.C. §12101, *et seq*. (*See* **Exhibit # 1, ¶¶ 28-31).**[4] Hence, from Plaintiffs' own allegations, it is evident that this Court has original jurisdiction over the allegations and subject matter of the instant case, as they arise from the laws of the United States. *See* 28 USCA § 1331.

5. As more fully explained below, Defendants are entitled to remove the State Court Action to this Honorable Court pursuant to 28 U.S.C. §1441 (a).

II. <u>**Legal Standard:**</u>

6. Section 28 U.S.C.A. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

---

[1] ROI requests a brief fifteen (15) day extension of time to file the certified translation of the Complaint attached as Exhibit #1.

[2] ROI requests a brief fifteen (15) day extension of time to file the certified translation of the executed summons attached as Exhibit #2.

[3] ROI requests a brief fifteen (15) day extension of time to file the certified translation of the Answer to Complaint attached as Exhibit # 3.

[4] Although Plaintiffs also bring forth claims under P.R. Law No. 100 of June 30, 1959, as amended, ("P.R. Law 100"), and P.R. Law No. 44 of July 2, 1985, as amended, ("P.R. Law 44"), these local statutes do not provide for a cause of action against an employer for alleged prohibited medical examinations.

division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a) [5]. "Federal courts have original jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.' " San Antonio-Trinidad v. Marriott P.R. Mgmt. Corp., No. CIV. 10-1628 FAB, 2011 WL 3300209, at *2 (D.P.R. Aug. 1, 2011) (quoting 28 U.S.C. § 1331).

7. Therefore, "[t]he removal statute allows a defendant to remove a case to federal court only when the action could have originally been filed in federal court." Id. "A case arises under federal law for purposes of removal when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Rosselló v. Calderón, 398 F.3d 1, 12 (1st Cir.2007) (internal citations omitted).

8. According to section 28 U.S.C.A. § 1446:

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

9. The notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

10. As stated above, Plaintiffs served ROI with copy of the Complaint on June 29, 2020. See, **Exhibit # 2.** Thus, the instant Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

### III. Basis for Removal:

11. In sum, the Complaint is a minimum wage, unpaid wages, tip credit and tip pooling violations claim pursuant to the FLSA. Furthermore, the Complaint also brings forth

---

[5] Section 1332(d) considers that "[t]he Word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C.A. § 1332(d).

claims for alleged prohibited medical examinations in violation of section 42 U.S.C.A. § 12112(d).

12. Consequently, from the face of the Complaint, it is evident that this Court has original jurisdiction over the allegations and subject matter of the instant case, as they arise from the laws of the United States. *See* 28 USCA § 1331; 28 U.S.C. §1441(a).

13. Therefore, it is evident that this Federal Court has original jurisdiction over the state civil action, on the basis of federal question. *See*, 28 U.S.C.A. § 1332; *see also* Pacheco v. St. Luke's Emergency Assocs., P.C., 879 F. Supp. 2d 136, 139 (D. Mass. 2012); Cosme Nieves v. Deshler, 786 F.2d 445, 451 (1st Cir. 1986); Rosario-Ortiz v. Corporación Del Fondo Del Seguro Del Estado De Puerto Rico, No. CV 15-2907 (ADC), 2016 WL 8711707, at *2 (D.P.R. Sept. 23, 2016); Gabriel-Yambo v. Centro Medico Del Turabo, Inc., No. 3:14-CV-01641 (JAF), 2015 WL 7428562, at *1 (D.P.R. Nov. 20, 2015); Raymond v. Bob Mariano Jeep Dodge Sales, No. 10-CV-488-LM, 2011 WL 635303, at *5 (D.N.H. Feb. 17, 2011).

14. Thus, ROI is entitled to remove this civil action under 28 U.S.C.A. § 1441.

15. Pursuant to 28 U.S.C.A. § 1446, ROI hereby certifies that there are adequate jurisdictional grounds for the removal of the present action. Also, in compliance with 28 U.S.C.A. § 1446(a), it has attached herein: (1) copy of original Complaint filed before the Puerto Rico Court of First Instance in the Spanish language as **Exhibit # 1**; (2) copy of the executed summons in its original Spanish language as **Exhibit # 2**; and (3) copy of the Answer to Complaint in its original Spanish language as **Exhibit #3**. On this same date, ROI has requested a brief extension to file certified translations of the pleadings previously described.

16. In compliance with 28 U.S.C.A. § 1446(d), ROI will promptly file an Informative Motion, along with the instant notice of removal, with the Court of First Instance of the

Commonwealth of Puerto Rico, Superior Court of San Juan, and will notify this Honorable Court of its compliance with this requirement.

**WHEREFORE**, ROI gives notice of the removal of this action, pursuant to section 1441, of Title 28, United States Code, and requests that said cause of action proceed before this Honorable Court as an action properly removed.

**WE HEREBY CERTIFY** that on this date, a true and exact copy of this notice of removal with its exhibits was sent by certified mail return receipt requested to Plaintiffs' counsel, José Carlos Vélez Colón, Esq. (421 Muñoz Rivera Ave., 10th floor, San Juan, P.R. 00918) and Zuleika Castro De Jesús, Esq. (1969 S. Alafaya Trail #379, Orlando, FL 32828-8732); and, within the next forty-eight (48) hours, a copy will be served personally upon the Clerk of the Puerto Rico First Instance Court, San Juan Part.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 23rd day of July, 2020.

        **O'NEILL & BORGES LLC**
        250 Muñoz Rivera Ave., Suite 800
        San Juan, PR  00918-1813
        Tel. (787) 764-8181 / Fax (787) 753-8944

By:    *s/Alberto J. Bayouth-Montes*
        Alberto J. Bayouth-Montes
        USDC-PR No. 228313
        alberto.bayouth@oneillborges.com

        *s/Natalia Marín-Catalá*
        Natalia Marín-Catalá
        USDC-PR 304703
        natalia.marin@oneillborges.com